UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALBERT ROBINSON | CIVIL ACTION |
| Versus | NO. 12-00041 |
| JACKSON'S LANDING APARTMENTS, ET AL. | SECTION "F" |

## ORDER AND REASONS

Before the Court is the plaintiff's motion to reconsider the Court's March 26, 2012 Order granting the defendants' motion to dismiss for failure to state a claim. For the reasons that follow, the plaintiff's motion is DENIED.

## Background

Plaintiff sued the defendants in early January 2012, arguing that he was discriminated against because he is African-American, and was denied clean, safe living conditions at the apartment he rented. Mr. Robinson further argues that the City of New Orleans and its employees discriminated against him on the basis of his race and disability when he complained to them about his living conditions.

Plaintiff moved into an apartment managed by Jackson's Landing Apartments on or about November 21, 2011, and signed a lease agreement. Plaintiff alleges that his house was infested by roaches. Plaintiff asserts that on November 28, 2011 a leasing agent named Leslie came to plaintiff's apartment and

1

informed him that a mistake had been made, and that he had been given an apartment unit which had been promised to another tenant prior to him moving in.  Accordingly, plaintiff was moved to another unit.  Plaintiff claimed numerous problems with the new place, and he reported them to the leasing office, but he charges that building maintenance did not fix them.  He complained about ceiling problems in the bathroom, dangerous flooring conditions, rusted pipes coming out of the walls, an improperly framed front window that could not close, exposed electric wiring, and roach infestation.

Plaintiff went to the Department of Code Enforcement for the City of New Orleans, and tried to file a complaint with the office against Jackson's Landing Apartments.  He met with defendant Channing Warner, who allegedly told him that the Office of Code Enforcement did not deal with these types of inquiries, and that he would be best served by trying to resolve the situation with his landlord.  Plaintiff then told Mr. Warner that he felt that he was being discriminated against because he was being denied the right to fair and equal housing, at which point Mr. Warner allegedly told plaintiff to come back on a later date. When plaintiff returned, he was told that Mr. Warner was in court, and he would not be able to see him that day.  Plaintiff asserts that he returned once more to the office at a later, unspecified time, and he was once again told that Mr. Warner

2

could not speak with him, and plaintiff noticed that a record of his previous visit had been erased from the sign-in book.

Plaintiff filed a complaint on January 1, 2011 with the Mayor's Office for the City of New Orleans, alleging that his civil and constitutional rights had been violated as a result of the city defendants' failure to help him with his housing problems. He later filed this lawsuit, naming as defendants Jackson's Landing Apartments, leasing agent "Leslie," the City of New Orleans Department of Code Enforcement, Pura Bascos, in his individual and official capacity as the director of the Department of Code Enforcement, Channing Warner, in his individual and official capacity as an employee of the Department of Code Enforcement, and any and all unknown owners and leasing agents of Jackson's Landing Apartments in each of their official and individual capacities.

In his complaint, Mr. Robinson broadly alleges that the defendants violated his civil, statutory and constitutional rights. Plaintiff makes reference to the Ku Klux Klan Act in his complaint, and also alleged a violation of the Americans with Disabilities Act in a hand-written document attached to his complaint.

After plaintiff filed his complaint, the Department of Code Enforcement, Pura Bascos and Channing Warner moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that

plaintiff had failed to state a claim for which relief could be granted. The motion was set for hearing on March 28, 2012. Having received no opposition to the motion by March 26, the Court granted the defendants' motion as unopposed. Plaintiff now moves the court to reconsider its March 26, 2012 Order.

## I. Rule 59(e) Legal Standard

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). The grant

of such a motion is an "extraordinary remedy that should be used sparingly." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 Fed.Appx. 137, 143 (5th Cir. Nov. 11, 2004) (citing Templet, 367 F.3d at 479). The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." Templet, 367 F.3d at 479.

## II. Discussion

Plaintiff asks the Court to reconsider its March 26, 2012 Order dismissing his claims against defendants The City of New Orleans Department of Code Enforcement, Pura Bascos and Channing Warner, which the Court granted after receiving no timely opposition memorandum to the defendants' motion to dismiss. The defendants urge the Court to construe the plaintiff's motion to reconsider as a motion to amend judgment under Rule 59(e), and to deny the motion because plaintiff has failed to demonstrate that the Court's Order was erroneous. The Court agrees.

The plaintiff's complaint continues to fall short of the pleading requirements established by the United States Supreme Court in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The plaintiff's conclusory and overly-broad assertion in his complaint that his federal civil, statutory and constitutional

5

rights were violated, and cursory mentions of the Ku Klux Klan Act and the Americans With Disabilities Act do not provide sufficient notice to the defendants of the claims asserted against them, and also do not provide a basis for this Court to conclude that the plaintiff's claims are plausible. Further, the plaintiff's clarification in his untimely opposition memorandum that he is asserting claims under the First and Fourteenth Amendments to the United States Constitution, as well as the Ku Klux Klan Act, the Fair Housing Act, the Americans With Disabilities Act, and for municipal liability do not compel the Court to amend its Order.

Significantly, plaintiff's complaint does not plead sufficient facts to support his claims. The Court specifically noted this deficiency in its March 26 Order. Mr. Robinson has done nothing to correct this. His assertion that he was denied attention by the New Orleans Department of Code Enforcement simply because he is African-American are unsubstantiated by any facts. His assertion that he was denied fair housing, and that his rights under the Americans With Disabilities Act were violated, are also unsupported by facts showing discrimination. As the United States Supreme Court has instructed, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of

further factual enhancement."  Iqbal, 129 S. Ct., at 1949.

Accordingly, IT IS ORDERED: the plaintiff's motion to amend the Court's March 26, 2012 Order, in substance a motion to reconsider, is DENIED.

New Orleans, Louisiana, April 18, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE